

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

May 22, 2026

**BY ECF**
The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Poe v. Harris-Madden*, No. 26-cv-01606-GBD (S.D.N.Y.)

Dear Judge Daniels:

This Office represents defendants Commissioner of the New York State Office of Children and Family Services ("OCFS") Dr. DaMia Harris-Madden, OCFS Associate Commissioner of Child Welfare and Community Services Kristin Gleeson ("Gleeson"), sued herein as "Director of the Statewide Central Register of Child Abuse and Maltreatment and Acting Associate Commissioner of Child Welfare and Community Services,"[1] and Executive Director of OCFS's Bureau of Special Hearings Steve Connolly, sued herein as "Steven Connolly, as Director of the Bureau of Special Hearings," (collectively, "Defendants") in the above-referenced action.

Pursuant to Rule 7.1(e) of the Joint Local Rules of the Southern District of New York and Eastern District of New York, Defendants write to respectfully request that the Court adjourn all briefing on Plaintiffs' Motion for Class Certification (ECF No. 17) until the Court issues a decision regarding Defendants' forthcoming Motion to Dismiss—which, if granted, will obviate the need for further class certification briefing—and until Plaintiffs have disclosed their identities to Defendants.[2] Plaintiffs do not consent to this request.

---

[1] Brian Kelley ("Kelley"), as Director of the Statewide Central Register of Abuse and Maltreatment (the "SCR"), is to be automatically substituted for Gleeson in her former capacity as Director of the SCR pursuant to Fed. R. Civ. P. 25(d).

[2] To be clear, Defendants have no issue with Plaintiffs continuing to proceed pseudonymously on the public docket, so long as their actual identities are properly disclosed to the Court and Defendants to enable briefing on relevant class certification issues, such as standing or typicality. *See, e.g., Doe v. Telemundo Network Grp. LLC*, No. 22-cv-7665, 2023 WL 6259390, at *6-*8

## A. Factual Background

Plaintiffs Patrick Poe ("Poe"), Rachel Roe ("Roe"), and Veronica Voe ("Voe") (collectively, "Plaintiffs"), suing pseudonymously,[3] bring this putative class action pursuant to 42 U.S.C. § 1983, individually and as purported class representatives, against Defendants. Within several days of filing the Complaint, Plaintiffs filed the Motion for Class Certification. *See* ECF No. 17. Critically, Plaintiffs have not yet revealed their identities—to this Court or to Defendants—via their initial disclosures or otherwise.

As alleged in the Complaint, Plaintiffs are adults who are the subjects of "indicated" reports of child abuse or maltreatment maintained by the SCR who seek employment in a position of unique trust: childcare or work with other vulnerable individuals. Plaintiffs allege that OCFS's administrative appeal process for evaluating requests to amend and seal indicated reports of child abuse or maltreatment takes too long, in violation of their alleged procedural due process rights.

By June 2, 2026, Defendants are to file their anticipated Motion to Dismiss seeking dismissal of this suit in its entirety. Defendants anticipate that they will argue both that this Court lacks subject matter jurisdiction and that the single count in their Complaint fails to state a claim.

## B. The Court Has the Authority to Adjourn Class Certification Briefing Until After Defendants' Motion to Dismiss Is Resolved

"The Second Circuit has specifically held that it is within a district court's discretion to reserve decision on a class certification motion pending disposition of a motion to dismiss," or even a motion for summary judgment. *See Encarnacion ex rel. George v. Astrue*, 491 F. Supp. 2d 453, 459 (S.D.N.Y. 2007) (Swain, J.), *aff'd*, 568 F.3d 72 (2d Cir. 2009), *cert. denied*, 559 U.S. 1057 (2010) (cleaned up) (denying class certification as futile where Plaintiffs failed to raise a triable issue, so the class "would have no members"); *see also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (holding plaintiffs' argument that class certification need be addressed before summary judgment to be "without merit"); *Christensen v. Kiewit-Murdock Inv. Corp.,* 815 F.2d 206, 214 (2d. Cir. 1987) (holding district "court did not abuse its discretion in reserving decision on the motion to certify pending the outcome of the motions to dismiss"). A court should consider whether an initial ruling on the merits of a claim would protect the parties from needless and costly further litigation and whether such a ruling would prejudice any of the parties. *See Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984); *see also Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 647 n.2 (S.D.N.Y. 2006) ("Here, consideration of the Motion to Dismiss at this time is appropriate, particularly given the considerable 'expense . . . and time of dealing with what is currently requested as a nationwide class that would include tens of millions of people' when certain issues may be able to be resolved as a matter of law.").

---

(S.D.N.Y. Sep. 26, 2023) (denying plaintiffs' motion to proceed pseudonymously, *inter alia*, due to the prejudice it would cause to defendants).

[3] *See* Docket, *Poe v. Harris-Madden*, No. 26-cv-1606 (S.D.N.Y.) (noting "order redacting pleading" filed in 26-mc-91); *see also ABC v. DEF*, No. 26-mc-91 (S.D.N.Y.).

Here, judicial economy and the public interest make clear that the Motion to Dismiss should be resolved before the parties brief Plaintiffs' Motion for Class Certification. An adjournment will save the parties from incurring substantial costs (in Defendants' case, costs paid by the taxpayers of the State of New York) and spare the Court from resolving a motion that it may never need to consider.[4] Even if the Court does not grant the Motion to Dismiss in its entirety, it may substantially narrow the issues to be addressed at class certification.

Indeed, Defendants anticipate that their Motion to Dismiss will address the lack of Article III standing of certain Named Plaintiffs, and "[s]tanding is generally a prerequisite to class certification." *Doyle v. Mastercard Int'l Inc.*, 700 F. App'x 22, 25 (2d Cir. 2017) (summary order); *see also Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 553 (S.D.N.Y. 2016) ("Generally speaking, the question of Article III standing should precede the question of class certification."). Resolution of the Motion to Dismiss should come first.

### C. The Court Should Adjourn Class Certification Briefing Until After Plaintiffs Have Disclosed Their Identities

Defendants also respectfully submit that briefing on the Motion for Class Certification should be adjourned until after Plaintiffs have disclosed their actual identities. It is well established that at the class certification stage, "the District Court must develop a sufficient record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of representation have been met." *Kaczmarek v. Int'l Bus. Machs. Corp.*, 186 F.R.D. 307, 311 (S.D.N.Y. 1999) (cleaned up); *see also In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (holding a class can only be certified after factual disputes relevant to each Rule 23 requirement are resolved and the court has determined that Rule 23 prerequisites are satisfied). Indeed, a class cannot be certified absent a showing that there are "*in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original); *see also Cabrera v. 211 Garage Corp.*, No. 5-cv-2272, 2008 WL 3927457, at *2 (S.D.N.Y. Aug. 25, 2008) (Daniels, J.) ("[P]laintiffs seeking class certification must go beyond the allegations embodied in the pleadings and provide the Court with specific facts justifying certification.").

Here, there is no way for Defendants or the Court to evaluate Plaintiffs' claims as to typicality as they do not yet know who Plaintiffs are.[5] The "typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability . . . irrespective of minor variations in the fact patterns underlying the individual claims." *Benner v. Becton Dickinson & Co.*, 214 F.R.D.

---

[4] Deferring class certification briefing also would not prejudice Plaintiffs and in fact would spare them expenses.

[5] Following the parties' meet and confer on May 4, 2026, Plaintiffs had an obligation to provide Defendants with initial disclosures on May 18, 2026. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information"). While Plaintiffs listed their pseudonyms in their initial disclosures, they did not disclose their actual identities.

157, 163 (S.D.N.Y. 2003) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993)). Typicality is lacking where a plaintiff's legal arguments would be dissimilar to those of the members of the class, or their claims arose from a substantially different course of events. *Id.* at 167 (finding typicality lacking where different products would have to be reviewed individually to assess design defects and negligent design); *see also Wynn v. N.Y.C. Hous. Auth.*, 314 F.R.D. 122, 126-27 (S.D.N.Y. Jan. 19, 2016) ("A lack of typicality may be found in cases where the named plaintiff was not harmed by the conduct he alleges to have injured the class or the named plaintiff's claim is subject to specific factual defenses atypical of the class." (cleaned up)).

Taking Plaintiffs on their (anonymous) word is not a sufficient basis on which to certify a class. There are even suggestions on the face of Plaintiffs' Complaint that the Named Plaintiffs may not be viable class representatives. For example, Voe alleges she was reported to the SCR based on an incident observed by her probation officer (Compl. ¶ 69), but does not allege that she is eligible for childcare employment despite her criminal history. *See generally id.* ¶¶ 67-73. There are numerous criminal convictions that could bar Voe under federal and state law from employment in childcare. *See* 42 U.S.C. § 9858f(c)(1)(D)-(E); N.Y. S.S.L. § 390-b(3)(a)(iv) (adopting the same prohibitions); 18 N.Y.C.R.R. § 413.4(e)(iv)-(v) (same). Additionally, the Complaint does not specify whether any of the Named Plaintiffs are currently working or volunteering in the childcare field, or might have other bars to their employment, licensure or certification in the childcare field that might make them unfit class representatives. Class certification briefing is inappropriate when the identities of Plaintiffs are still mysteries to both the Court and Defendants.

Should the Court decline to adjourn the class certification briefing deadlines until after a decision on Defendants' motion to dismiss, Defendants respectfully request that the briefing schedule be adjourned until after the Motion to Dismiss is fully submitted and Plaintiffs' identities have been revealed.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

*/s/ Elizabeth B. Gates*
Elizabeth B. Gates
Special Litigation Counsel
Ihaab Syed
Assistant Attorney General
(212) 416-6402/8210
elizabeth.gates@ag.ny.gov
ihaab.syed@ag.ny.gov
*Attorneys for Defendants*

cc: Counsel of Record (by ECF)

4