Case 1:26-cv-01606-GBD Document 67 Filed 08/23/26 Page 1 of 4

SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 23, 2026

By ECF

SO ORDERED:

George B. Daniels, U.S.D.J.

Dated: SEP 0 8 2026

The Honorable George B. Daniels,
United States District Court,
Daniel Patrick Moynihan United States Courthouse,
500 Pearl Street,
New York, NY 10007.

Re: *Roe and Voe* v. *Harris-Madden et al.*,
No. 26-cv-01606-GBD

Dear Judge Daniels:

On behalf of Plaintiffs in the above-captioned action and in accordance with Local Rule 5.2 and Rule I.D.ii.2 of Your Honor's Individual Practices, we respectfully request that the Court permit Plaintiffs to (i) file an Amended Complaint and an Amended Motion for Class Certification (the "Papers") under seal, and (ii) file publicly copies of the Papers under pseudonyms if Plaintiffs' unopposed Motion to Proceed Pseudonymously (the "Motion")—which will be filed by August 24, 2026—is granted. Defendants consent to Plaintiffs' request.

Plaintiffs Rachel Roe and Veronica Voe (the "Original Plaintiffs") are proceeding pseudonymously in this action. *See* Order to Proceed Pseudonymously, *ABC* v. *DEF*, No. 1:26-cv-mc-91 (S.D.N.Y. Feb. 26, 2026). The Amended Complaint adds three new Plaintiffs (the "New Plaintiffs"), who seek to proceed pseudonymously through the Motion. Plaintiffs have already disclosed the Original Plaintiffs' true names to Defendants and will promptly serve Defendants with copies of the Papers to ensure they have the New Plaintiffs' true names as well.

While the Papers are subject to a "presumptive right of public access," the "weight to be accorded" that presumption is "'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis* v. *Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020) (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). To seal a judicial document, a court must (1) determine whether the document is a judicial document to which the presumption attaches; (2) assess the weight of that presumption based on the

Case 1:26-cv-01606-GBD Document 67 Filed 08/23/26 Page 2 of 4



document's relevance to the exercise of the judicial function; and (3) balance any countervailing factors against the presumption. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Applying *Lugosch*'s three-step framework confirms that sealing is warranted here. Although the Papers are judicial documents to which the presumption of access attaches, the interest in public access is fully preserved by the pseudonymous versions of the Papers that Plaintiffs will file publicly if the Motion is granted. These pseudonymous versions will make the substance of Plaintiffs' allegations and arguments available to the public in the same manner as the existing filings in this action, which already proceed under pseudonyms. The countervailing factors also favor sealing. The New Plaintiffs assert the same privacy interests for themselves and other non-parties that supported the prior grant of pseudonymous status to the Original Plaintiffs. Like the Original Plaintiffs, the New Plaintiffs challenge their listing in the New York Statewide Central Register of Child Abuse and Maltreatment. This action involves highly sensitive and personal matters, and public disclosure of the New Plaintiffs' identities would bring harm to them and their families, including several minor children. *See, e.g.*, *Sec. and Exchange Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (granting motion to seal due to non-parties' interests in privacy). Moreover, requiring public disclosure of the New Plaintiffs' true names before the Court has resolved the Motion would inflict precisely the harm the Motion is designed to prevent, and would render any subsequent grant of pseudonymity a nullity. *Cf. Sealed Plaintiff*, 537 F.3d 185, 189-90 (2d Cir. 2008) (identifying, among other factors, whether the plaintiff's identity has thus far been kept confidential and the risk of harm from disclosure).

For these reasons, courts in this Circuit routinely permit parties to file under seal where, as here, they simultaneously seek to proceed pseudonymously. *See, e.g.*, *Roe 1* v. *City of New York*, 2020 WL 7264563, *1 (S.D.N.Y. Dec. 7, 2020); *EW* v. *New York Blood Ctr.*, 213 F.R.D. 108, 109 (E.D.N.Y. 2003).

The requested relief is also narrowly tailored. Plaintiffs seek to seal the Papers only for the limited period necessary for the Court to rule on the Motion. Defendants' counsel will receive copies of the sealed filings, so that this action may proceed without prejudice or delay. And the seal is expressly contingent on the outcome of the Motion: if the Court denies pseudonymity to the New Plaintiffs, Plaintiffs will promptly file the Papers publicly in unredacted form. This mirrors the sealing arrangement adopted in *Doe* v. *Telemundo Network Grp. LLC*, where the court granted interim sealing of filings connected to a pseudonymity motion and, upon denying pseudonymity, directed the parties to refile their papers publicly. 2023 WL 6259390, *13 (S.D.N.Y. Sept. 26, 2023).

For the foregoing reasons, Plaintiffs respectfully seek leave to file the Papers under seal. Plaintiffs have served Defendants with a copy of the Amended Complaint, containing the names of the New Plaintiffs designated as Attorneys' Eyes Only pursuant to the proposed protective order filed on July 10, 2026. Plaintiffs will promptly serve Defendants with a copy of the Amended Motion for Class Certification before filing

Case 1:26-cv-01606-GBD Document 67 Filed 08/23/26 Page 3 of 4



it under seal by August 24, 2026, pursuant to the Third Stipulation and Order for Briefing Schedule Relating to Complaint and Class Certification Motion (ECF No. 66).

Sincerely,

*/s/ Suhana S. Han*
Garrard R. Beeney
(*beeneyg@sullcrom.com*)
Suhana S. Han (*hans@sullcrom.com*)
Jessica M. Klein (*kleinj@sullcrom.com*)
Stella S. Meyer (*meyerste@sullcrom.com*)
Aneesa Mazumdar
(*mazumdara@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, N.Y. 10004-2498
Telephone: (212) 558-4000

*/s/ David Shalleck-Klein*
David Shalleck-Klein
(*dshalleckklein@fjlc.org*)
Lewis Bossing (*lbossing@fjlc.org*)
Sarah Ortlip-Sommers
(*sortlipsommers@fjlc.org*)
Phoenix Rice-Johnson
(*pricejohnson@fjlc.org*)
FAMILY JUSTICE LAW CENTER
183 Madison Avenue, Suite 419
New York, N.Y. 10016
Telephone: (212) 223-6939

*/s/ Lucas S. Marquez*
Lucas S. Marquez (*lmarquez@bds.org*)
Lauren Shapiro (*lshapiro@bds.org*)
Alyssa Briody (*abriody@bds.org*)
BROOKLYN DEFENDER SERVICES
177 Livingston Street, 7th Floor
Brooklyn, N.Y. 11201
Telephone: (718) 254-0700

*/s/ Tehra Coles*
Tehra Coles (*tcoles@cfrny.org*)
Christine Waer (*cwaer@cfrny.org*)
Melissa Lombreglia
(*mlombreglia@cfrny.org*)
CENTER FOR FAMILY REPRESENTATION
40 Worth Street, Suite 605
New York, N.Y. 10013
Telephone: (212) 691-0950

*/s/ Christine Gottlieb*
Christine Gottlieb
(*gottlieb@mercury.law.nyu.edu*)
NYU SCHOOL OF LAW FAMILY DEFENSE
CLINIC / WASHINGTON SQUARE LEGAL
SERVICES, INC.
245 Sullivan Street, 5th Floor
New York, N.Y. 10012
Telephone: (718) 374-1364

*Attorneys for Plaintiffs*

Case 1:26-cv-01606-GBD Document 67 Filed 08/23/26 Page 4 of 4



Aditi Fruitwala (*afruitwala@aclu.org*)
Viviana Bonilla López
(*vbonillalopez@aclu.org*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, D.C. 20005
Telephone: (212) 549-2500

Jessica Perry (*jperry@nyclu.org*)
Gabriella Larios (*glarios@nyclu.org*)
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 19th Floor
New York, N.Y. 10004
Telephone: (212) 607-3300

*Of Counsel for Plaintiffs*