UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK POE, RACHEL ROE, and VERONICA VOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DAMIA HARRIS-MADDEN, as Commissioner of the New York State Office of Children and Family Services; KRISTIN GLEESON, as Director of Statewide Central Register of Child Abuse and Maltreatment, and Acting Associate Commissioner of Child Welfare and Community Services; and STEVEN CONNOLLY, as Director of the Bureau of Special Hearings,

Defendants.

No. 1:26-cv-01606-GBD-HJR

Judge George B. Daniels
Magistrate Judge Henry J. Ricardo

**STIPULATION AND ~~[PROPOSED]~~ ORDER**
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

WHEREAS, in the above-captioned putative class action (the "Action") named plaintiffs Patrick Poe, Rachel Roe, and Veronica Voe (collectively, "Plaintiffs") and defendants Dr. DaMia Harris-Madden, as Commissioner of the New York State Office of Children and Family Services ("OCFS"), Kristin Gleeson ("Gleeson"), as Associate Commissioner of Child Welfare and Community Services, sued herein as "Director of Statewide Central Register of Child Abuse and Maltreatment, and Acting Associate Commissioner of Child Welfare and Community Services,"[1] and Steve Connolly, Director of Special Hearings, sued herein as "Steven Connolly,

[1] Brian Kelley ("Kelley"), as Director of the Statewide Central Register of Child Abuse and Maltreatment, is to be automatically substituted for Gleeson in her former capacity as Director of the Statewide Central Register of Child Abuse and Maltreatment pursuant to Federal Rules of Civil Procedure ("FRCP") 25(d).

Director of the Bureau of Special Hearings" (collectively, "Defendants") may seek the production of certain documents and information that may otherwise be protected from disclosure by federal, state, and local laws and regulations, or by policy of OCFS, or that are otherwise non-public, confidential, proprietary, personal or sensitive in nature;

WHEREAS, Plaintiffs and Defendants (the "Parties") wish to produce and use the above-described materials for purposes of this Action while at the same time preserving confidentiality and other applicable legal protections to the greatest extent possible;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties through their undersigned counsel, pursuant to Rule 26(c) of the FRCP and Rule 502 of the Federal Rules of Evidence, and IT IS HEREBY ORDERED by the Court that:

1. **Definitions.**

a. The term "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that is produced or generated by any Party or Non-Party to this Action, and any copies thereof and all information contained therein, including but not limited to, all initial disclosures, documents, testimony, affidavits, transcripts, exhibits, interrogatory answers, responses to request for admissions, other discovery responses, electronically stored information, and any other written, recorded, transcribed, or graphic matter or data. This Stipulation and Order shall apply to all Discovery Material produced by any Party or Non-Party to this Action or introduced at any deposition, hearing, or trial in this Action, all information contained in or derived from Discovery Material, and all copies, transcripts, excerpts, notes, compilations, and summaries of Discovery

Material, as well as testimony, conversations, or presentations by the Parties or their counsel that contain or are derived from Discovery Material.

b. The term "Designating Entity" shall mean the Party, individual, or entity designating given Discovery Material as "Confidential" or "Attorneys' Eyes Only."

c. The term "Party" shall mean any party to this Action, including all parties' officers, directors, employees, consultants, or retained experts.

d. The term "Non-Party" shall mean any natural person, partnership, corporation, association, governmental organization or other legal entity not named as a Party to this Action.

e. The term "Counsel" or "Attorney" shall mean attorneys and their support staff, including outside investigators, all of whom are not employees of a Party, but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party.

f. The term "Producing Entity" shall mean the Party, individual, or entity producing given Discovery Material.

g. The term "Receiving Entity" shall mean the Party that receives Discovery Material from a Producing Entity.

2. Any Party or Non-Party shall have the right to designate Discovery Material as Confidential or Attorneys' Eyes Only (together, referred to as "Protected Material" herein) in

accordance with the terms of this provision.[2] A Party or Non-Party may designate Discovery Material as Confidential if: (a) the material contains personally identifying information of an individual other than that individual's name or professional contact information, including but not limited to social security numbers, financial information, employment records, medical records, child protective services records, and criminal history records; (b) the material requires the protections provided in this Stipulation and Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or prejudice to any person or entity; (c) the material contains non-public, proprietary, commercially sensitive, or personally sensitive financial or other information; or (d) any other documents or information whose confidentiality is protected from disclosure by, or whose disclosure is otherwise restricted by, state, federal, or local law or regulation, or OCFS policy.

3. A Party or Non-Party may designate Protected Material as Attorneys' Eyes Only if the material contains: (a) personally identifying information of any individual who is or was the subject of a report in the New York Statewide Central Register of Child Abuse and Maltreatment ("SCR") or otherwise named in an SCR report, including Patrick Poe, Rachel Roe, or Veronica Voe, named Plaintiffs who are proceeding in this Action pseudonymously pursuant to a court order, *see* Order to Proceed Pseudonymously, *ABC* v. *DEF*, No. 1:26-mc-91 (S.D.N.Y. Feb. 26, 2026), or personally identifying information of that individual's children; (b) personally identifying information of any minor children; (c) criminal history records or information; (d) child protective services records that include information about specific investigations or are related to

[2] The Parties agree that all material exchanged among and between the parties in the course of this litigation, pursuant to an agreement that such material would be treated as confidential until a confidentiality order is agreed to, shall be governed by this Stipulation and Order as Protected Material designated Confidential.

specific reports made to the SCR; (e) SCR records that include information about specific investigations or are related to specific reports made to the SCR; (f) information submitted by an appellant or child protective services in the context of an administrative appeal; (g) Family Court records, foster care or adoption records, and contract preventive services agency records; or (h) information revealing the identity of any person who made a report to the SCR. A Party also shall have the right to request that Discovery Material produced by another Party or Non-Party be designated as Confidential or Attorneys' Eyes Only so long as such Discovery Material constitutes or contains information belonging to or concerning the Party making that request. Information that is publicly available shall not be considered Protected Material.

4. The designation of Discovery Material as Confidential or Attorneys' Eyes Only for the purpose of this Stipulation and Order may be made only by the Producing Entity and shall be made in the following manner:

a. Documents or TIFF Images: Documents or TIFF images may be designated as Protected Material by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or an equivalent thereof, including, as applicable, "AEO," on any such document or image. Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing Protected Material. In lieu of marking the originals of documents, the Designating Entity may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of ESI produced in native format (together, "Natively Produced ESI") containing Protected Material need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Producing Entity shall use reasonable means to designate as Protected Material such Natively Produced ESI,

including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" mark; (ii) including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the title name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the label of the media or in the production letter for the Natively Produced ESI.

b. Non-Paper Media: Where Protected Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in Subparagraph (a) above should be placed on the face of both the medium, if possible, and its container, if any, so as to give clear notice of the designation. To the extent that any Receiving Entity prints any of the information contained on non-paper media that is designated as containing Protected Material, such printouts will be marked as described in Subparagraph (a) above by the Receiving Entity.

c. Physical Exhibits: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Subparagraph (a) above.

d. Written Discovery: In the case of Protected Material incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Subparagraph (a) above shall be placed on the first page of the document and on each page containing answers or responses that contain Protected Material.

e. Depositions or Pretrial Testimony: In the case of depositions or other pretrial testimony, the appropriate confidentiality designation as described in Subparagraph (a) above shall be made by: (i) a statement on the record, by Counsel, during the course of such testimony, that such testimony shall be treated as Protected Material or (ii) written notice, sent to Counsel of record for all Parties within 14 days after receiving a copy of the transcript, that such testimony shall be treated as Protected Material. In the event testimony is so-designated, the entire transcript and all copies thereof shall be deemed confidential and subject to this Protective Order for 30 days following receipt by the testifying witness of the transcript. During this 30-day period, the Designating Entity shall notify the Receiving Entity and the court reporter which specific portions of the transcript should be designated as Protected Material. At the conclusion of the 30-day period, or by some other date mutually agreed to by the Parties, only the duly designated portions of the transcript shall be considered Protected Material.

5. Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected Material may be used only in this Action, including any ancillary proceeding or appeal, and shall not be used for any other purpose. This Stipulation and Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the Receiving Entity through means or sources outside of this Action.

6. This Stipulation and Order does not apply to the dissemination by a Party of its own Protected Material in the ordinary course of business under existing federal, state, and local laws, policies, rules, and regulations. Additionally, nothing in this Stipulation and Order shall be construed to limit, modify, or interfere in any way with: (a) OCFS's or their respective employees' or officials' use, in the ordinary course of business and as permitted by law outside of this Action,

of documents and information defined as Protected Material that they legally have in their possession and that were not received through discovery in this Action or through releases or authorizations signed by the Parties; (b) the disclosure obligations of OCFS under the New York Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law Art. 6, and related state law, regulations, and judicial decisions; (c) the interpretation, application, and implementation by OCFS, its public access officers, and state courts of FOIL and related state law, regulations, and judicial decisions; or (d) any Producing Entity's use of its own Confidential or Attorneys' Eyes Only information.

7. Receiving Entities agree to undertake reasonable technical and organizational precautions in storing and maintaining Protected Material to preserve the security of the Protected Material and to protect it from accidental or unlawful destruction or accidental or unauthorized loss, access, or disclosure. Protected Material must be stored and maintained by a Receiving Entity at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Where data is transmitted and/or stored on a computer or other electronic media ("ESI"), the Receiving Entity must have and comply with an appropriate computer security policy that protects confidential ESI from unauthorized disclosure in accordance with industry standards. The computer security policy must include provisions that address the physical security of computer resources; equipment security to protect equipment from theft and unauthorized use; software and data security; and access control. Any access to the stored data, wherever stored, must be limited to authorized recipients.

8. Any document, pleading, or tangible item that contains Protected Material, if filed or submitted to the Court, shall be filed according to the procedure described in Section I.D of the Individual Rules and Practices of this Court.

9. If during a Court proceeding, Confidential information is likely to be revealed, any Party or Non-Party may request that the proceeding be held in camera. Nothing in this Order precludes any Party or Non-Party from opposing any request that a proceeding be held in camera or otherwise be closed to the public. If during a Court proceeding, Attorneys' Eyes Only information is likely to be revealed, the Parties shall jointly request that the proceeding be held in camera, and neither Party shall oppose the request that the proceeding be held in camera, provided that the non-filing Party does not challenge the original confidentiality designation. If such request is granted by the Court, the transcript of such proceedings shall be treated in the same manner as a deposition transcript in accordance with Paragraph 4.e for the purposes of this Order. Any Party or Non-Party may designate the deposition or hearing testimony of any third party as Protected Material and invoke the provisions of this Paragraph to the extent the testimony or argument or comments by counsel discloses the Party or Non-Party's Protected Material.

10. Nothing in this Stipulation and Order shall be construed to limit or eliminate the applicability of the sealing and redaction requirements set forth in Fed. R. Civ. P. 5.2.

11. This Stipulation and Order does not address the use of Protected Material at trial. The Parties agree to meet and confer regarding use of Protected Material in connection with trial and to raise the issue with the Court at an appropriate time. Such meet-and-confers shall take place after reasonable notice to, and an opportunity to participate by, any Non-Party that has produced Protected Material that any Party intends to use at trial.

12. Except with the prior written consent of the Designating Entity, no Protected Material shall be disclosed to any person except as provided herein. Protected Material may be

disclosed only in accordance with the provisions of this Stipulation and Order. Protected Material designated as Confidential may be disclosed only to:

a. The Court, officers of the Court, and Court personnel involved in this Action (including the Court's law clerks, court reporters and videographers, any special master, mediator, arbitrator, or referee appointed by the Court);

b. Witnesses, deponents, or persons whom a Party's Counsel believes in good faith may be deponents or trial fact witnesses, and their counsel, limited however to Protected Material related to such person's testimony or expected testimony;

c. Each Party and its employees, officers, directors, agents, representatives, general partners, limited partners, and affiliates, provided that such persons are directly involved in this Action or the management thereof;

d. Each Party's Counsel, including legal assistants, paralegals, legal interns, clerical personnel, and other staff, directly involved in this Action or the management thereof;

e. Such former officers, directors, partners, employees, agents, representatives, general partners, limited partners, and affiliates, of the Parties as Counsel in good faith deem necessary to assist with respect to this Action;

f. Each person identified in the Protected Material as an author, intended recipient (including by copy), or person who had access to the Protected Material, in whole or in part;

g. Court reporters or videographers employed in connection with this Action;

h. Outside consultants or experts, including necessary staff, retained by a Party or its Counsel in connection with this Action, whether or not retained to testify at trial;

i. Firms, officers, directors, partners, employees, and agents of firms, or other professional vendors that have been engaged by the Parties or their Counsel for purposes of photocopying, electronic imaging, document storage, graphic design, technical assistance, or other similar litigation support activities in connection with this Action; and

j. Any other person only upon order of the Court or with the written agreement of the Producing Entity.

13. Protected Material designated as Attorneys' Eyes Only may be disclosed only to the persons and entities identified in Paragraphs 12(a), (d), (f), (g), (h), (i), and (j), and to members of OCFS's Legal Division directly involved in this Action, the SCR Director, and the Executive Deputy Commissioner for OCFS.

14. Each person given access to Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof. All persons identified in Paragraphs 12(e), (f), (h), (i), and (j) or Paragraph 13 to whom a Party provides access to Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected Material, shall execute a copy of the certification attached hereto as

Exhibit A before such access is provided and be advised that he or she will be subject to this Stipulation and Order.

15. In the event that counsel for any Party determines in its sole discretion that it is necessary to file with the Court any document or other material that contains, refers to, attaches or encloses Protected Material, the following procedures shall be used:

a. The Parties agree to refrain, to the greatest extent possible, from including Protected Material in the titles of documents filed with the Court so that, in all instances, the titles of such documents – and the Court's docket reflecting those titles – may remain public.

b. A Party that wishes to file with the Court any document or other material that contains, refers to, attaches, or encloses Protected Material shall make such filing under seal by submitting such document or other material to the Court along with a request that it be filed under seal in accordance with this Stipulation and Order. In the event that any Protected Material is used in any court proceeding in this Action or any appeal therefrom, said Protected Material shall not lose its status as Confidential or Attorneys' Eyes Only through such use. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Protected Material used in the course of any court proceedings.

16. Nothing in this Stipulation and Order shall be or be deemed to be an acknowledgement by any Party that any Discovery Material designated Confidential or Attorneys' Eyes Only is in fact entitled to such treatment. A Party shall not be obligated to challenge the propriety of any other Party's designation of Discovery Material as Confidential or Attorneys'

Eyes Only and a failure to do so at the time of the designation shall not preclude any subsequent challenge. Any Party (the "Disputing Party") may challenge, at any time, the designation of material as Confidential or Attorneys' Eyes Only by requesting in writing that the Designating Entity withdraw such designation or explain the basis for such designation in writing. A Disputing Party may also challenge, at any time, a Producing Entity's failure to designate material as Confidential or Attorneys' Eyes Only by requesting in writing that the Producing Entity make such designation. The Designating Entity/Producing Entity and the Disputing Party shall confer in good faith during the 14 business days following the Designating Entity's/Producing Entity's receipt of the objection in an effort to resolve the objection. Only in the event that the dispute cannot be resolved by the Disputing Party and the Designating Entity/Producing Entity within five business days after the conference, the Disputing Party may move the Court within 14 business days thereafter for a determination regarding whether the designation of the Discovery Material as Confidential or Attorneys' Eyes Only, or the lack thereof, is appropriate. Until such motion is made, the objected-to designation shall remain in effect. In any such motion, the party seeking the designation as Confidential or Attorneys' Eyes Only shall have the burden of demonstrating that the material should be protected under the terms of this Stipulation and Order and applicable law. During the pendency of such motion practice and/or any remedial efforts, the material designated as Confidential and/or Attorneys' Eyes Only shall maintain its protected status unless and until the Parties agree, or the Court orders otherwise. Should any such motion be filed, the motion shall be filed with the Court under seal. In the event of an emergency such that the aforementioned time limitations are impracticable and could result in prejudice to the Disputing Party, the Disputing Party may seek from the Court a shortening of the time limitations.

17. Except as otherwise provided in this Stipulation and Order, Discovery Material may be designated as Protected Material at any time upon notice to the Receiving Entity. Without limiting the foregoing sentence in any way, a Producing Entity may designate a document as Protected Material after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Entity would otherwise be entitled.

18. In the event of disclosure of any Protected Material to a person not authorized for access to such material in accordance with this Order ("Unauthorized Disclosure"), the Party responsible for having made such Unauthorized Disclosure must promptly inform all Parties' Counsel of the relevant facts and circumstances of the Unauthorized Disclosure, including the information disclosed, the person(s) to whom disclosure was made, the date(s) of disclosure, and any other relevant information about the nature and circumstances of the disclosure. The responsible Party must also promptly take all reasonable measures to procure the immediate redaction, destruction, or return of the Protected Material released by the Unauthorized Disclosure and promptly apprise all Counsel in writing of the redaction, destruction, or return; and ensure that no further or greater Unauthorized Disclosure or use of such information or materials is made.

19. All Receiving Entities shall exercise reasonable care to prevent any disclosure of such Protected Material other than pursuant to the provisions of this Stipulation and Order. The Producing Entity's rights and remedies with respect to any disclosure of Protected Material in contravention of the provisions of this Stipulation and Order are hereby reserved.

20. Nothing in this Stipulation and Order shall prevent a Party from redacting Protected Material relating to minor children, any person who made a report to the SCR, any person named

in an SCR report, or any other third parties referenced in any records produced in discovery in this Action, regardless of whether such Discovery Material is designated as Protected Material.

21. The inadvertent or <u>in camera</u> disclosure of Protected Material shall not prejudice or otherwise be deemed a waiver of, or estoppel as to, any confidentiality otherwise attached to said Protected Material. Protected Material that is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of Protected Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure shall within three business days: (i) give written notice of the disclosure to the Producing Entity, which notice shall include a specific description of the improperly disclosed Protected Material; (ii) give written notice to the recipient of the improperly disclosed Protected Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto as Exhibit A; (iv) give written notice of the Improper Recipient's response to the Producing Entity; (v) make all reasonable, good faith efforts to retrieve the improperly disclosed Protected Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); (vi) refrain from dissemination of the Protected Material until a proper designation has been made; (vii) make all reasonable, good faith efforts to preclude dissemination and use of the Protected Material including, as applicable, seeking the return and destruction of such Protected Material that was disseminated to third parties and seeking the prompt sealing of any Protected Material that had been filed or submitted to the Court; and (viii) give written notice to the Producing Entity of the result of such efforts. The Producing Entity's rights and remedies with respect to any such improper disclosures are hereby reserved.

22. If any Receiving Entity: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a Non-Party, or (d) otherwise receives a request from a Non-Party seeking Protected Material, the Receiving Entity, prior to making any disclosures of Protected Material, shall give notice by hand or electronic mail within five business days of receipt of such subpoena, demand, legal process, or request, to the Producing Entity's counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Protected Material take any action against the Receiving Entity to enforce such subpoena, demand, other legal process, or request, the Receiving Entity shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiving Entity or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Protected Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23. This Stipulation and Order has no effect upon, and shall not apply to, a Producing Entity's use of its own Protected Material for any purpose. The burden to establish that the document, material, or information was not obtained independently shall be on the Party, individual, or entity asserting that it was not obtained independently.

24. Inadvertent or unintentional disclosure of Discovery Material (i) subject to Rule 5.2 of the Federal Rules of Civil Procedure, or (ii) subject to the attorney-client privilege, work-product doctrine, deliberative process privilege, or any other applicable privilege or immunity (collectively, "Private/Privileged Material") shall not be deemed a waiver in whole or in part of privacy, privilege, work-product, or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter. If a Producing Entity has

produced Discovery Material that it subsequently claims is Private/Privileged Material and was inadvertently disclosed, the Receiving Entity, upon written or oral request, shall within three business days: (1) return it, including all copies; and (2) destroy any notes or other materials concerning, based on, or derived from it. Upon receipt of the returned materials, the Producing Entity shall preserve intact all such materials pending any challenge to the assertion of the claim of privacy or privilege and shall promptly provide a written good faith explanation of the basis for the privacy or privilege claim or claim of immunity and for the assertion that it was inadvertently or unintentionally disclosed. If the Receiving Entity challenges the claim of inadvertent or unintentional production or the claim of privacy, privilege, or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Entity identifying the reason for the challenge. If the parties cannot resolve the dispute, the Receiving Entity may move the Court for an appropriate order. The disputed material shall be treated as private/privileged until a ruling on such motion or other resolution of the dispute.

25. This Stipulation and Order shall survive termination of this Action. After receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, including all appeals in which Protected Material may be used, all Receiving Entities shall, upon request of the Producing Entity, and within 30 days of such request, make a good faith, commercially reasonable effort to either: (a) return such Protected Material and copies thereof (including summaries and excerpts) to counsel for the Producing Entity; or (b) destroy such Protected Material. Paper copies must be shredded using a cross-cut or confetti shredder. Removable storage media (including but not limited to hard disk drives, CD-R, CD-RW, DVDs, floppy disks, zip disks, and tapes) and ESI must be forensically wiped. Within 30 days of the request of the Producing Entity, the Receiving Entity (including any retained experts) shall also certify its

destruction or return of Protected Material by declaration or affidavit furnished to the Attorney(s) for the Producing Entity. Counsel shall be entitled to retain complete and unredacted court papers, deposition and trial transcripts, expert reports, and attorney work product containing Protected Material (including communications incorporating Protected Material), provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and/or trial transcripts, or attorney work product to any person outside his or her law office, except pursuant to court order or agreement with the Producing Entity. All materials returned to the Parties or their Counsel by the Court likewise shall be disposed of in accordance with this paragraph.

26. No disclosure or production of Discovery Material shall be deemed to be a waiver of any Party's objection to the use, relevance, or admissibility of such material or any claim of confidentiality outside this Action. Nothing in this Stipulation and Order shall affect any Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

27. Nothing contained in this Stipulation and Order or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission of any kind. This Stipulation and Order shall not be offered or admitted into evidence at trial or otherwise, except in connection with an application, motion, or proceeding relating to the enforcement or application of this Stipulation and Order.

28. This Court shall retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder.

29. This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party. The Parties may jointly seek to amend or modify this Stipulation and Order, subject to Court approval. Such requests, amendments, or modifications shall not affect the continuing validity of this Stipulation and Order as to any other Protected Material. Any request for amendment or modification that would permit greater disclosure of Protected Material than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any Non-Party that has produced Protected Material to the extent such request for amendment or modification will apply to Protected Material produced by Non-Parties.

30. This Stipulation and Order may be executed in counterparts, which together shall constitute one document. Any Plaintiff or Defendant added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

Dated: New York, New York
July 10, 2026

*/s/ Suhana S. Han*
Garrard R. Beeney (*beeneyg@sullcrom.com)*
Suhana S. Han (*hans@sullcrom.com*)
Jessica M. Klein (*kleinj@sullcrom.com*)
Stella S. Meyer (*meyerste@sullcrom.com*)
Aneesa Mazumdar
(*mazumdara@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, N.Y. 10004-2498
Telephone: (212) 558-4000

*/s/ Lucas S. Marquez*
Lucas S. Marquez (*lmarquez@bds.org)*
Lauren Shapiro (*lshapiro@bds.org*)
Alyssa Briody (*abriody@bds.org*)
BROOKLYN DEFENDER SERVICES
177 Livingston Street, 7th Floor
Brooklyn, N.Y. 11201
Telephone: (718) 254-0700

*/s/ Christine Gottlieb*
Christine Gottlieb*
(*gottlieb@mercury.law.nyu.edu*)
NYU SCHOOL OF LAW FAMILY DEFENSE CLINIC / WASHINGTON SQUARE LEGAL SERVICES, INC.
245 Sullivan Street, 5th Floor
New York, N.Y. 10012
Telephone: (718) 374-1364

*/s/ David Shalleck-Klein*
David Shalleck-Klein
(*dshalleckklein@fjlc.org*)
Lewis Bossing (*lbossing@fjlc.org*)
Sarah Ortlip-Sommers
(*sortlipsommers@fjlc.org*)
Phoenix Rice-Johnson
*(pricejohnson@fjlc.org)*
FAMILY JUSTICE LAW CENTER
183 Madison Avenue, Suite 419
New York, N.Y. 10016
Telephone: (212) 223-6939

*/s/ Tehra Coles*
Tehra Coles* (*tcoles@cfrny.org*)
Christine Waer* (*cwaer@cfrny.org*)
Melissa Lombreglia*
(*mlombreglia@cfrny.org*)
CENTER FOR FAMILY REPRESENTATION
40 Worth Street, Suite 605
New York, N.Y. 10013
Telephone: (212) 691-0950

**pro hac vice* forthcoming

*Attorneys for Plaintiffs*

Aditi Fruitwala (*afruitwala@aclu.org*)
Viviana Bonilla López
(*vbonillalopez@aclu.org*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, D.C. 20005
Telephone: (212) 549-2500

Jessica Perry (*jperry@nyclu.org*)
Gabriella Larios (*glarios@nyclu.org*)
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 19th Floor
New York, N.Y. 10004
Telephone: (212) 607-3300

*Of Counsel for Plaintiffs*

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

BY: */s/ Elizabeth B. Gates*
Elizabeth B. Gates
Special Litigation Counsel
Ihaab Syed
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6402/8210
elizabeth.gates@ag.ny.gov
ihaab.syed@ag.ny.gov

SO ORDERED:

George B. Daniels
George B. Daniels, U.S.D.J.

D OCT 0 5 2026